UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PS

MARK THOMAS DUBLINO,

    Plaintiff,

-v-

    19-CV-6269L
    ORDER

Sgt. JUSTIN BIEGAJ, et al.,

    Defendants.

## INTRODUCTION

Pro se Plaintiff, Mark Thomas Dublino, an inmate incarcerated at the Auburn Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. Docket Item 1 ("Complaint"). Plaintiff alleges that, during his prior incarceration at the Erie County Holding Center, Defendants used excessive force in violation of his rights under the Fourteenth Amendment. Following review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Complaint was dismissed but Plaintiff was permitted to amend. Plaintiff has now filed an Amended Complaint (Docket Item 8, "Amended Complaint") and for the reasons below, service is directed.

## DISCUSSION

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court must screen this Complaint. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action

1

(1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

**The Amended Complaint**

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))[1]; *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

**I. Section 1983 Claims**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). But a supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

## II. Plaintiff's Allegations

Plaintiff's factual allegations, presumed true at this stage of the proceedings, tell the following story. On March 9, 2018, Plaintiff exited the attorney conference room and Defendant Thompson ordered him to the ground and Plaintiff complied. Amended Complaint at 4. Thompson handcuffed Plaintiff and "lost control of the leashed dog which began to bite the plaintiff's legs." *Id.* Defendant Biegaj began to stomp Plaintiff's head and back. *Id.* Defendants Dee and Wilson began to stretch Plaintiff's arms "in abnormal

3

positions with extreme pressure." *Id.* Sergeant Cross stomped on Plaintiff's legs, ankles and feet as he continued to lay on the floor. *Id.* The pressure applied to Plaintiff made him "unable to breathe." *Id.* One hour later, Sergeant Robinson ordered Defendants Gelster and Giardina "to 'wrench him' [and the] deputies responded by bending the plaintiff's arms and wrists with extreme pressure into the steel handcuffs." *Id.* Plaintiff was a non-sentenced prisoner at the time of the incident and was not sentenced until March 23, 2019. *Id.*

### III. Analysis

#### A. Excessive Force Claims

Plaintiff alleges that Defendants used excessive force in violation of the Fourteenth Amendment. The standard for determining whether prison officials have used excessive physical force, in an Eighth Amendment context, was clarified by the United States Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992). According to *Hudson*, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*, 503 U.S. at 7. To assess a constitutional claim, the Court must consider both the subjective and the objective components of the alleged violations. *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994).

"A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Under either standard, the objective component considers the "seriousness of the injury." *Id.* The subjective component addresses whether the

defendant possessed the requisite state of mind while engaging in the use of force (*id.*, 503 U.S. at 6-7) and "an objective standard is appropriate in the context of excessive force claims brought by pretrial detainees pursuant to the Fourteenth Amendment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2476 (2015). Under the lesser, objective, Fourteenth Amendment standard, Plaintiff's allegations are sufficient at this early stage to warrant service and an answer.[2]

## **ORDER**

IT HEREBY IS ORDERED, that the Clerk of Court is directed to cause the United States Marshal Service to serve copies of the Summons, Amended Complaint and this Order upon Defendants without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g), Defendants are directed to respond to the Complaint.

SO ORDERED.

DATED: September 3, 2019
Rochester, NY

David G. Larimer
United States District Judge

---

[2] In allowing these claims to proceed and directing a response to them, the Court expresses no opinion as to whether Plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

5