UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK THOMAS DUBLINO,

                        Plaintiff,

         v.

SGT. JUSTIN BIEGAJ, et al.,

                        Defendants.
_____

<u>DECISION AND ORDER</u>

19-CV-6269L

## INTRODUCTION

Plaintiff Mark Dublino filed a *pro se* complaint in this action on April 10, 2019, asserting civil rights claims pursuant to 42 U.S.C. § 1983, arising out of an incident that occurred on March 9, 2018, while plaintiff was confined at the Erie County (N.Y.) Holding Center ("ECHC"). Plaintiff filed an amended complaint (Dkt. #8) on July 17, 2019. On October 7, 2020, the Court appointed *pro bono* counsel to represent plaintiff.

In the amended complaint, plaintiff sues eight individuals, all of whom are alleged to have been employed at the ECHC on March 9, 2018. Plaintiff alleges that he was subjected to excessive force, in violation of his constitutional rights, as explained below.

Defendants have moved for summary judgment. Plaintiff, through counsel, has filed a response to the motion.

## FACTUAL BACKGROUND

Many of the relevant facts are undisputed, and need not be set out in great detail here. At the time of the underlying incident, plaintiff was housed in the ECHC, pursuant to his recent conviction on certain criminal charges. The attorney representing him on those charges, Joseph Terranova, came to ECHC on March 9 to meet with plaintiff. They met in an attorney conference room at the facility.

At some point during their meeting, plaintiff and Terranova got into an argument, which escalated into a physical confrontation. Plaintiff admits that he was later convicted on an assault charge stemming from this incident.

Soon after the altercation began, several deputies rushed to the conference room in response. In short, plaintiff alleges in this action that they used unnecessary and excessive force against him, and that he was subsequently denied adequate medical treatment for his injuries.

At his deposition, plaintiff testified that he never filed a grievance concerning this incident. *See* Def. Ex. A (Dkt. #77-2) at 60. He stated that he asked for a grievance form "immediately" after the incident, but "[t]hey never would give me a grievance form." *Id*. He also testified that he did not file any grievances about anything in the two weeks after the March 9 incident.[1]

Plaintiff filed the complaint in this action on April 10, 2019. In his amended complaint, plaintiff names eight defendants: Sergeants Justin Biegaj, Robert Dee, Cross and Robinson; and Deputies Brian Thompson, P. Giardina, Frank Gelster, and Shawn Wilson. He states that the

---

[1] It appears that plaintiff was transferred out of ECHC about two weeks after March 9.

constitutional basis for his claim under 42 U.S.C. § 1983 is the Fifth and Fourteenth Amendments, and he alleges "deliberate indifference" and "violating the 'Due Process Clause.'" (Dkt. #8 at 4.)  The parties agree, however–and a fair reading of his complaint shows–that plaintiff alleges a violation of his rights under the Eighth Amendment, by virtue of defendant's excessive use of force against him and their denial of adequate medical treatment for his injuries.

## DISCUSSION

### I. Plaintiff's Failure to Exhaust Administrative Remedies

In support of their motion for summary judgment, defendants contend that the complaint should be dismissed on the ground that plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The PLRA requires inmate litigants to exhaust their administrative remedies before filing suit under § 1983.  *See* 42 U.S.C. § 1997e(a).

"[T]o properly exhaust administrative remedies, an inmate must comply with the facility grievance 'system's critical procedural rules[.]'"  *Brooks v. Mullen*, No. 14-CV-6690, 2020 WL 2512868, at *2 (W.D.N.Y. May 15, 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)). Under New York regulations, an inmate at a "local correctional facility" such as the ECHC must be provided access to, and comply with, that program's procedural requirements.  9 N.Y.C.R.R. §§ 7032.4.  *See also* N.Y. Corr. L. § 40(2) (defining "local correctional facility" as "any jail, penitentiary, state, county or municipal lockup, court detention pen, hospital prison ward or specialized secure juvenile detention facility for older youth").

Defendants in this case have not described in detail the grievance process that was in place at ECHC at the time of these events, but the parties agree that one did exist. Recent cases from this district have outlined the basics of the grievance program at ECHC. *See*, *e.g.*, *Savage v. Acquino*, No. 13-CV-6376, 2016 WL 5793422, at *6 (W.D.N.Y. Sept. 29, 2016); *Collins v. Gruen*, No. 12-CV-6022, 2014 WL 4923586, at *8 (W.D.N.Y. Sept. 30, 2014).

The parties also agree that plaintiff did not file a grievance about the March 9 incident. He says he was unable to do so because defendants would not give him any pens or grievance forms.

But despite his deposition testimony that he did not file any grievances at all in the two weeks following the March 9 incident, plaintiff has admitted, in response to defendants' written request to admit, that as of March 11, 2018, the grievance process was available to him, as evidenced by a different grievance that he submitted on that date, concerning alleged interference with his outgoing legal mail. *See* Def. Ex. K (Dkt. #77-12), Ex. L (Dkt. #77-13). Clearly, then, plaintiff had a grievance form, and the means to fill it out and submit it, just two days after the March 9 incident giving rise to this suit.

In his response to defendants' request to admit, plaintiff states that the grievance process "was available" for the matter concerning his outgoing legal mail, but that it was not available as to the March 9 incident. He has not offered any explanation or evidence for that conclusory assertion, other than to repeat that he was not provided a grievance form or paper. Def. Ex. L at 4. But that assertion is flatly contradicted by his submission of a grievance on March 11, only two days after the March 9 incident.

When a prisoner plaintiff asserts that he was prevented from filing a grievance because the defendants withheld pens, forms, or other writing materials, courts have considered "whether the inmate was drafting other documents during the same time period, or whether [he was] able to access materials from other sources." *Tillman v. Phillips*, No. 19-CV-1597, 2021 WL 5233308, at *8 (N.D.N.Y. Nov. 10, 2021) (quoting *Rodriguez v. Cross*, No. 15-CV-1079, 2017 WL 2791063, at *7 (N.D.N.Y. May 9, 2017), *R&R adopted*, 2017 WL 2790530 (N.D.N.Y. June 27, 2017)). *See also Miller v. Annucci*, No. 17-CV-4698, 2021 WL 4392305, at *14 n.13 (S.D.N.Y. Sept. 24, 2021) (rejecting plaintiff's statement that he was "not able to access [any] [p]aper, [p]en[s], or [e]nvelopes, much less any grievance forms," where he filed other grievances during the same time period); *Louis-Charles v. Barker*, No. 16-cv-1417, 2018 WL 4299982, at *3 (N.D.N.Y. Sept. 10, 2018) (plaintiff's claim that he was denied access to the tools needed to draft a written grievance was contradicted by his own testimony and evidence that he drafted protest letters during the time in question).

Since the undisputed evidence directly contradicts and rebuts plaintiff's assertion that the grievance process was "unavailable" to him, his complaint must be dismissed. *See Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016) ("mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion"). The Court's conclusions on the exhaustion issue also renders it unnecessary for me to address defendants' arguments concerning the merits of plaintiff's claims. *See Adams v. Annucci*, 537 F.Supp.3d 475, 478 (W.D.N.Y. 2021); *Allah v. Ryan*, 436 F.Supp.3d 621, 630-31 (W.D.N.Y. 2020).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #77) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 18, 2022.